UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER,

    *Plaintiff,*

v.

                    Case No. 1:20-cv-1778-RCL

FEDERAL ELECTION COMMISSION,

    *Defendant.*

## ORDER

Before the Court is the plaintiff's motion [8] for default judgment.

On September 8, 2020, the plaintiff filed an affidavit in support of default, ECF No. 6, and on September 7, 2020 the Clerk of Court entered a default against the defendant, ECF No. 7.

Entry of default is a prerequisite to entry of a default judgment. *See* Fed. R. Civ. P. 55(b)(2). "Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Wright & Miller, *Federal Practice & Procedure Civil* § 2682 (4th ed., Apr. 2020 update).

To serve a federal agency, a party must serve the United States — by delivering a copy to the relevant United States Attorney and mailing a copy to the Attorney General by registered or certified mail — and must mail a copy to the agency by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)–(2).

Before it considers the plaintiff's motion, the Court must first assure itself that the defendant was properly served and, thus, that it has jurisdiction. Upon review of the motion and the docket, it appears to the Court that the plaintiff has not met the requirements of Rule 4(i). The

1

plaintiff has filed proof that it served the complaint on the United States Attorney for the District of Columbia.  ECF No. 5.  But it has not provided proof that it mailed copies of the complaint to the Attorney General and the Federal Election Commission by registered or certified mail.  Nor has the plaintiff represented in its motion or accompanying declaration that it properly mailed the complaint.  If the plaintiff has not fulfilled the Rule 4(i) requirements, then the Court lacks jurisdiction over the defendant, *see Dominguez v. District of Columbia*, 536 F. Supp. 2d 18, 22 (D.D.C. 2008) ("Absent proper service of process, a Court may not exercise personal jurisdiction over the defendants named in the complaint."), and the default was entered improperly.

Accordingly, the Court **ORDERS** the plaintiff to show cause within 14 days of this date why it should not set aside the default for lack of jurisdiction.  *See* Fed. R. Civ. P. 55(c).

**IT IS SO ORDERED.**

Date: _____9/18/20_____

Royce C. Lamberth
United States District Judge