UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CAMPAIGN LEGAL CENTER,**

*Plaintiff,*

v.

Case No. 1:20-cv-1778-RCL

**FEDERAL ELECTION COMMISSION,**

*Defendant.*

## ORDER

Before the Court is the plaintiff's response [11] to the Court's September 18, 2020 order [10] to show cause why the entry of default should not be set aside for failure to effect proper service under Rule 4(i).

To serve a federal agency, a party must serve the United States — by delivering a copy to the relevant United States Attorney and mailing a copy to the Attorney General by registered or certified mail — and must mail a copy to the agency by registered or certified mail. *See* Fed. R. Civ. P. 4(i)(1)–(2).

It appears to the Court that the plaintiff served the United States Attorney for the District of Columbia on July 1, 2020, and sent by certified copies of the complaint and summons to the Federal Elections Commission on July 1, 2020 and to the Attorney General on September 19, 2020. *See* Chlopak Decl. ¶¶ 3, 6; Noti Decl. ¶ 2. Therefore, the plaintiff has now complied with Rule 4 and the Court has jurisdiction over the Federal Election Commission.

The Court has established its jurisdiction, so the Clerk of Court may now properly enter a default against the Federal Election Commission. *See* Fed. R. Civ. P. 55(a); *see also* Fed R. Civ. P. 12(a)(2). As the default was originally procedurally deficient when entered, the Court **SETS**

1

**ASIDE** the default [7] as entered on September 7, 2020, **DIRECTS** the Clerk of Court to reconsider the plaintiff's existing affidavit [6] in support of default, and **DEEMS** the motion [9] for default judgment filed as of the day the Clerk of Court enters a new default.

**IT IS SO ORDERED.**

Date: ___9/25/20___

                                                                        Royce C. Lamberth
                                                                         United States District Judge