IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAMPAIGN LEGAL CENTER,

      Plaintiff,

  v.

FEDERAL ELECTION COMMISSION,

      Defendant.

Civil Action No. 20-cv-1778-RCL

# STATEMENT OF INTEREST
# OF THE UNITED STATES OF AMERICA

JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*

ERIC WOMACK
*Assistant Branch Director*

ZACHARY A. AVALLONE
*Trial Attorney*

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-2705

# **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................................ 2

ARGUMENT ................................................................................................................................. 3

I.      The Federal Election Commission's Independent Grant of Litigating Authority .............. 3

II.     Plaintiff Does Not Have Standing ........................................................................................ 5

III.    This Court Does Not Have Jurisdiction To Enter Judgment Against The Commission .... 8

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**CASES**

*Application of Blondin v. Dubois*,
   78 F. Supp. 2d 283 (S.D.N.Y. 2000) .................................................................................. 1

*\* Bell Helicopter Textron, Inc. v. Iran*,
   734 F.3d 1175 (D.C. Cir. 2013) ......................................................................................... 9

*Campaign Legal Ctr. v. Fed. Election Comm'n*,
   No. 18-CV-0053 (TSC), 2020 WL 2735590 (D.D.C. May 26, 2020)
   *appeal docketed*, No. 20-5159 (D.C. Cir. June 9, 2020) .................................................... 7

*Cierco v. Mnuchin*,
   857 F.3d 407 (D.C. Cir. 2017) ........................................................................................... 6

*Citizens for Responsibility & Ethics In Washington v. Fed. Election Comm'n*,
   267 F. Supp. 3d 50 (D.D.C. 2017) ................................................................................. 7, 8

*City of New York v. Permanent Mission of India to the United Nations*,
   446 F.3d 365 (2d Cir. 2006),
   *aff'd and remanded*, 551 U.S. 193 (2007) ........................................................................ 1

*\* Common Cause v. FEC*,
   108 F.3d 413 (D.C. Cir. 1997) .................................................................................. 1, 6, 7

*Fla. Audubon Soc'y v. Bentsen*,
   94 F.3d 658 (D.C. Cir. 1996) ............................................................................................. 6

*Food & Water Watch, Inc. v. Vilsack*,
   808 F.3d 905 (D.C. Cir. 2015) ........................................................................................... 7

*Harrison v. Republic of Sudan*,
   802 F.3d 399 (2d Cir. 2015),
   *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016) ............................................... 1

*Int'l Bhd. of Teamsters v. Transp. Sec. Admin.*,
   429 F.3d 1130 (D.C. Cir. 2005) ...................................................................................... 5, 6

*Jakks Pac., Inc. v. Accasvek, LLC*,
   270 F. Supp. 3d 191 (D.D.C. 2017),
   *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018) .......................................................................... 9

*James Madison Ltd. by Hecht v. Ludwig*,
   82 F.3d 1085 (D.C. Cir. 1996) ....................................................................................... 5, 8

*\* Judicial Watch Inc. v. Fed. Election Comm'n*,
  293 F. Supp. 2d 41 (D.D.C. 2003) ............................................................................................. 7

*Koumoin v. Ki-Moon*,
  No. 16-CV-2111 (AJN), 2016 WL 7243551 (S.D.N.Y. Dec. 14, 2016) ..................................... 1

*\* Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................................................. 6

*Mohammadi v. Islamic Republic of Iran*,
  947 F. Supp. 2d 48 (D.D.C. 2013),
  *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) ............................................................................................ 8

*\* Mwani v. bin Laden*,
  417 F.3d 1 (D.C. Cir. 2005) ....................................................................................................... 8

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) ............................................................. 2, 6

*Terry v. Dewine*,
  75 F. Supp. 3d 512 (D.D.C. 2014) ............................................................................................. 8

**STATUTES**

26 U.S.C. § 9010 ............................................................................................................................ 4

26 U.S.C. § 9040 ............................................................................................................................ 4

28 U.S.C. § 517 ......................................................................................................................... 1, 5

52 U.S.C. § 30106 .......................................................................................................................... 4

52 U.S.C. § 30107 .......................................................................................................................... 4

52 U.S.C. § 30109 ................................................................................................................. 2, 4, 7

Federal Election Campaign Act Amendments of 1974,
  Pub. L. No. 93-443, 88 Stat. 1263 ............................................................................................. 3

**RULES**

Fed. R. Civ. P. 12 ........................................................................................................................... 5

**OTHER AUTHORITIES**

*Leadership and structure*, Federal Election Commission Website, https://www.fec.gov/about/leadership-and-structure/ .................................................................. 4

*PN2237 — Allen Dickerson — Federal Election Commission*, United States Congress, https://www.congress.gov/nomination/116th-congress/2237?s=1&r=6 .................................... 5

*President Donald J. Trump Announces Intent to Nominate and Appoint Individuals to Key Administration Posts*, White House, https://www.whitehouse.gov/presidential-actions/president-donald-j-trump-announces-intent-nominate-appoint-individuals-key-administration-posts-43/?utm_source=link .................................................................................. 5

The United States respectfully files this Statement of Interest ("Statement") pursuant to 28 U.S.C. § 517, which authorizes the Department of Justice ("Department") to attend to the interests of the United States in federal court.[1]

The Department of Justice does not represent the Defendant Federal Elections Commission (the "Commission") in this case because the Commission possesses independent litigating authority and the Commission has not requested representation by the Department in this matter. Accordingly, the United States has not appeared on behalf of the Commission. Nevertheless, because the Commission has not yet appeared in this case and no other parties have appeared to assist this Court in evaluating its jurisdiction to enter judgment (including a default judgment), the Department submits this Statement to explain why the plaintiff has not established standing to sue.

Plaintiff Campaign Legal Center ("CLC") has not alleged an injury sufficient to demonstrate standing. Under binding Circuit precedent, the Commission's delay in acting on an administrative petition is, standing alone, not an injury. *See Common Cause v. FEC*, 108 F.3d 413, 419 (D.C. Cir. 1997). The Supreme Court has made clear that "a bare procedural violation, divorced from any concrete harm" does not satisfy the injury-in-fact requirement of Article III.

---

[1] 28 U.S.C. § 517 vests the Attorney General with discretion over how and when to protect the United States' interests in litigation. This statute provides a mechanism for the United States to submit its views in cases in which the United States is not a party, and does not necessitate intervention under Rule 24. *See, e.g.*, *Harrison v. Republic of Sudan*, 802 F.3d 399, 406–07 (2d Cir. 2015), *adhered to on denial of reh'g*, 838 F.3d 86 (2d Cir. 2016) (accepting as authoritative the United States' views, submitted via statement of interest pursuant to 28 U.S.C. § 517, about requirements of a sanctions regime at issue in the litigation); *City of New York v. Permanent Mission of India to the United Nations*, 446 F.3d 365, 376 n.17 (2d Cir. 2006), *aff'd and remanded*, 551 U.S. 193 (2007) (recognizing the United States' authority to file a statement of interest "on its own initiative"); *Koumoin v. Ki-Moon*, No. 16-CV-2111 (AJN), 2016 WL 7243551, at *3 (S.D.N.Y. Dec. 14, 2016) (recognizing the United States' appearance in case via statement of interest to assert immunity of foreign diplomatic officials): *Application of Blondin v. Dubois*, 78 F. Supp. 2d 283, 288 n.4 (S.D.N.Y. 2000) (recognizing United States' authority to file a statement of interest to express its views about the interpretation of an international treaty).

1

*See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016).  CLC's alleged organizational harm is not concrete because CLC does not allege how it would use the information it seeks in this case in particular.  Accordingly, this Court should set aside default judgment against the Commission and dismiss this case.

The Department does not intend to address any other issues in this case, including the merits of the claims in the Complaint, in light of the Commission's decision not to request representation.

## BACKGROUND

CLC filed an administrative complaint with the Commission on December 19, 2019.  Compl. for Declaratory and Injunctive Relief, Dkt. 1 ("Compl.") at 1.  The administrative complaint alleged that Iowa Values, a 501(c)(4) nonprofit violated the Federal Election Campaign Act (the "Act") by "failing to register as a political committee and failing to report its contributions, expenditures, and debts."  *Id.*

On June 30, 2020, Plaintiff filed this lawsuit claiming that "the Commission has taken no action on [its administrative] complaint" "for more than 190 days[.]"  *Id.* ¶ 5.  Plaintiff claims authority to bring suit under 52 U.S.C. § 30109(a)(8)(A) which allows anyone who files an administrative complaint with the Commission to file suit in this court if the Commission does not act on the complaint during the 120-day period beginning on the date the complaint is filed.  *Id.* at ¶ 6; *see* 52 U.S.C. § 30109(a)(8)(A).

CLC asserts organizational harm to itself based on the assertion that the Commission failed to "act on Plaintiff's administrative complaint" within 120 days.  Compl. ¶ 40.  CLC claims that "activities central to its mission" "are obstructed when information that is subject to mandatory disclosure under FECA is not publicly available."  *Id.* ¶ 10.

The Commission did not appear in this case to defend itself and did not submit an Answer. On September 13, 2020, the Clerk docketed an Entry of Default. Dkt. 7. Plaintiff moved for default judgment on September 17, 2020. Dkt. 9. The Court then ordered Plaintiff to show cause why the default should not be set aside for lack of jurisdiction because the Plaintiff did not serve the Attorney General. Dkt. 10. The plaintiff then served the Attorney General and told that court that it had completed service. Dkt. 11. On September 25, 2020, the Court set aside the clerks' original entry of default, ordered the clerk to reconsider the affidavit of default, and ruled that Plaintiff's motion for default judgment shall be deemed filed as of the day the Clerk enters a new default. Dkt. 12. The Clerk entered default on October 9, 2020, Dkt. 13, and the Court entered default judgment on October 14, 2020, Dkt. 14.

No other parties have intervened in this case or requested permission to file an amicus brief. Since no other party has appeared, the Department now files this Statement to help the Court analyze its jurisdiction over this case.

## **ARGUMENT**

### I. THE FEDERAL ELECTION COMMISSION'S INDEPENDENT GRANT OF LITIGATING AUTHORITY

The Department has not entered an appearance on behalf of the Commission in this case because the Commission has independent litigating authority to defend against the Plaintiff's lawsuit and the Commission has not otherwise requested representation by the Department.

The Federal Election Commission is an independent regulatory agency of the United States created by the Federal Election Campaign Act Amendments of 1974, Pub. L. No. 93-443, 88 Stat. 1263, which amended the Federal Election Campaign Act of 1971 (the "Act"). The Commission is composed of six voting members whom the President appoints with the advice and consent of

the Senate.  52 U.S.C. § 30106(a)(1).  No more than three members of the Commission may be affiliated with the same political party.  *Id.*

The Commission has the power to initiate, defend, or appeal certain civil actions through its General Counsel when enforcing the provisions of the Act and certain provisions of the Internal Revenue Code.  *See* 52 U.S.C. § 30107(a)(6); 26 U.S.C. §§ 9010(a), 9040(a).  Pursuant to Section 30107(a)(6) of Title 52 of the U.S. Code, the Commission has authority to litigate any civil action in which the principal interest implicated is any power or authority vested in the Commission by law.  *See* 52 U.S.C. § 30107(a)(6) ("The Commission has the power to initiate . . ., defend (in the case of any civil action brought under section 30109(a)(8) of this title) or appeal any civil action in the name of the Commission to enforce the provisions of [the] Act . . . through its general counsel[.]").  An affirmative vote of four members of the Commission is required for the Commission to take any action under Section 30107(a)(6), including to exercise its primary litigating authority to defend civil actions brought against it under Section 30109(a)(8).

This action is one for which the Commission has primary litigating authority.  Plaintiff brought this case under 52 U.S.C. § 30109(a)(8), which authorizes suit against the Commission where the Commission dismisses an administrative complaint or fails to take action on an administrative complaint within 120 days.  *See* Compl. ¶ 1.  It is the understanding of the United States that the Commission cannot currently exercise its power to defend cases like this brought under Section 30109(a)(8) because only three of the Commission's six seats are presently filled.[2]  The Commission thus lacks the four votes required to authorize its General Counsel to appear and defend this case or to ask the Department of Justice to defend this case on the Commission's behalf.

---

[2] *Leadership and structure*, Federal Election Commission Website, https://www.fec.gov/about/leadership-and-structure/ (listing current Commissioners) (last visited Oct. 15, 2020).

4

The Commission lacks the ability to defend itself in this action and no other party has addressed the jurisdiction of this Court, so this Court understandably entered a default judgment against the Commission. However, the Department believes it necessary to submit this Statement on behalf of the United States to assist this Court in determining whether that judgment must be vacated, as it does not appear that the Commission will have a quorum soon.[3] The Department's role in this action is limited and—to be clear—it does not represent the Commission. Instead, it submits this Statement pursuant to 28 U.S.C. § 517 based on its interest in ensuring that agencies of the Executive Branch are not burdened by default judgments, caused by structural barriers to representation, that a court may lack jurisdiction to enter.

## II.   PLAINTIFF DOES NOT HAVE STANDING

Plaintiff lacks standing to challenge the Commission's purported failure to act on its administrative complaint. Federal courts have "an affirmative obligation to consider whether the constitutional and statutory authority exist . . . to hear each dispute." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (citation omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Because Article III limits the constitutional role of the federal judiciary to resolving cases and controversies, a showing of standing 'is an essential and unchanging' predicate to any exercise of our jurisdiction." *Int'l Bhd. of Teamsters v. Transp. Sec. Admin.*, 429 F.3d 1130, 1133

---

[3] The President announced his intent to nominate Allen Dickerson to the Commission in June. *President Donald J. Trump Announces Intent to Nominate and Appoint Individuals to Key Administration Posts*, White House, https://www.whitehouse.gov/presidential-actions/president-donald-j-trump-announces-intent-nominate-appoint-individuals-key-administration-posts-43/?utm_source=link (last visited Oct. 15, 2020). The President submitted the nomination of Allen Dickerson to the Senate on September 16, 2020. *See PN2237 — Allen Dickerson — Federal Election Commission*, United States Congress, https://www.congress.gov/nomination/116th-congress/2237?s=1&r=6 (last visited Oct. 15, 2020).

(D.C. Cir. 2005) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (*en banc*) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "Where a party's Article III standing is unclear, [a court] *must* resolve the doubt, *sua sponte* if need be." *Cierco v. Mnuchin*, 857 F.3d 407, 415–16 (D.C. Cir. 2017) (citation omitted). The "irreducible constitutional minimum of standing contains three elements": (1) an "injury in fact" which is "concrete and particularized" and "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be 'redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61 (citations omitted).

The Commission's delay in taking action on Plaintiff's administrative complaint is a bare procedural harm that is not enough to confer standing. Plaintiff alleges that it was injured when the Commission failed to act on its administrative complaint within the 120-day period provided by Section 30109(a)(8)(A). *See* Compl. ¶ 40. As this Circuit has held, however, the Commission's delay in acting on an administrative complaint under Section 30109(a)(8)(A) is not an injury sufficient to show standing. In *Common Cause*, the D.C. Circuit explained that Section 30109(a)(8)(A) "does not confer standing; it confers a right to sue upon parties who otherwise *already have standing*." 108 F.3d at 419 (emphasis added). And the Supreme Court more recently confirmed that a plaintiff "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc.*, 136 S. Ct. at 1549.

District courts in this circuit apply the holding of *Common Cause* to cases like this one. Earlier this year, for example, a district court dismissed another case brought by this same plaintiff alleging that the Commission harmed CLC by not acting on another administrative complaint within 120 days. *See Campaign Legal Ctr. v. Fed. Election Comm'n*, No. 18-CV-0053 (TSC),

6

2020 WL 2735590, at *2 (D.D.C. May 26, 2020) *appeal docketed*, No. 20-5159 (D.C. Cir. June 9, 2020). CLC there had "filed an administrative complaint with Defendant FEC" but "a year passed with no FEC action[.]" *Id.* at *1. CLC then sued the Commission in district court, "arguing that the delay violated [§ 30109(a)(8)(A)'s] 120-day rule[.]" *Id.* The court dismissed the case, explaining that the 120 days referenced in "§ 30109(a)(8)(A) does not confer standing; it confers a right to sue upon parties who otherwise already have standing." *Id.* at *2 (quoting *Common Cause*, 108 F.3d at 419). "Given [the] binding precedent from this Circuit on this issue," the court found that CLC did not suffer an injury from delay sufficient to establish Article III standing and dismissed the case. *Id.*; *see also Judicial Watch Inc. v. Fed. Election Comm'n*, 293 F. Supp. 2d 41 (D.D.C. 2003) ("The [D.C. Circuit] made clear that while the FEC's failure [to] act within the 120-day period of [§ 30109(a)(8)(A)] conferred a right to sue, it did not also confer standing."). Plaintiff again here asserts a bare procedural injury and the Court should thus follow the holding of *Common Cause* and find Plaintiff lacks standing.

Plaintiff's other possible theory of harm—that it is deprived of information during the delay—likewise fails because it is neither concrete nor particularized. *See* Compl. ¶¶ 10–12. To show organizational injury, CLC must demonstrate that "the defendant's conduct perceptibly impaired the organization's ability to provide services" which must be significant enough to cause "an inhibition of [the organization's] daily operations." *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 919, 920 (D.C. Cir. 2015) (citation omitted) (finding that organization had no standing because it "alleged no more than an abstract injury to its interests"). In a previous case where Citizens for Responsibility & Ethics in Washington ("CREW") and its director sued the Commission, another court in this Circuit dismissed for lack of standing. *Citizens for Responsibility & Ethics In Washington v. Fed. Election Comm'n*, 267 F. Supp. 3d 50, 54–55

7

(D.D.C. 2017) (J. Leon). CREW's complaint in that case described how the type of information it sought helped CREW to pursue its general organizational goals, but the court found those high-level explanations were not enough to show any actual injury. *Id.* As the court explained, the "Complaint does not allege what CREW would use [the sought-after] information for *in this case in particular.*" *Id.* (emphasis added). The court also rejected CREW's claim that "the information they seek would help them ferret out corruption . . . which is consistent with CREW's general mission to 'publicize[ ] the role of these individuals and entities in the electoral process and the extent to which they have violated federal campaign finance laws,'" and explained that "such an interest in knowing or publicizing that the law was violated is akin to claiming injury to the interest in seeing the law obeyed, which simply does not present an Article III case or controversy[.]" *Id.* at 55 (citation omitted). The Complaint in this case suffers from the same defect—CLC discusses its mission and projects in general terms, but it does not allege with any specificity how it would use the information that it seeks *in this case in particular*. *See e.g.*, Compl. ¶¶ 10–12. As a result, Plaintiff here alleges no cognizable injury and accordingly lacks Article III standing.

### III. THIS COURT DOES NOT HAVE JURISDICTION TO ENTER JUDGMENT AGAINST THE COMMISSION

"The Court cannot enter a default judgment when it lacks jurisdiction over an action." *Terry v. Dewine*, 75 F. Supp. 3d 512, 530 (D.D.C. 2014). Even when a party does not appear, "entry of a default judgment is not automatic[.]" *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005). "The procedural posture of a default does not relieve a federal court of its 'affirmative obligation' to determine whether it has subject-matter jurisdiction over the action." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 61 (D.D.C. 2013), *aff'd*, 782 F.3d 9 (D.C. Cir. 2015) (quoting *Ludwig*, 82 F.3d at 1092).

Although the Court already issued a default judgment in this case, the Court should vacate that judgment as void. A default judgment must be vacated when plaintiffs lack standing or jurisdiction. *See Bell Helicopter Textron, Inc. v. Iran*, 734 F.3d 1175, 1180 (D.C. Cir. 2013); *Jakks Pac., Inc. v. Accasvek, LLC*, 270 F. Supp. 3d 191, 199 (D.D.C. 2017), *aff'd*, 727 F. App'x 704 (D.C. Cir. 2018) (vacating default judgment entered when court did not have subject matter jurisdiction). Plaintiffs here suffered no cognizable injury, lack Article III standing, and are not entitled to default judgment. The Court should vacate the default judgment and dismiss the case.

## CONCLUSION

The Department respectfully suggests that plaintiff has failed to establish standing to sue. Accordingly, the Court should vacate its default judgment and dismiss this case in its entirety.

Dated: October 16, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
*Acting Assistant Attorney General*

ERIC WOMACK
*Assistant Branch Director*

*/s/ Zachary A. Avallone*
ZACHARY A. AVALLONE
(D.C. Bar No. 1023361)
*Trial Attorney*

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 514-2705
Email: zachary.a.avallone@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to attorneys who have appeared in this case.

                                       */s/ Zachary A. Avallone*
                                       Zachary A. Avallone